ROBERTSON
*vs*
STEWART AND
SPRING.

amelioration on lands held in trust, of which he was not subsequently the devisee, but others.

---

# Robertson *vs* Stewart & Spring.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Estoppel. Equity and equitable jurisdiction.*

JUDGE EWING delivered the Opinion of the Court.

CHANCERY.

*Case* 107.

May 6.

The case stated.

STEWART & SPRING, upon a judgment and return of execution "no property found" against Bate & Rooney, filed their bill against Bate & Robertson, (Rooney having died) to reach funds in the hands of Robertson; Slocumb having also a judgment against Bate and like return, afterwards filed his bill against the same defendants. A decree was rendered in favor of Stewart & Spring against Robertson, requiring him to pay to them the amount of their debt. Robertson has brought the case to this Court and asks a reversal on the ground that a prior lien, attached in favor of Slocumb on his bill and proceedings which have not yet been disposed of in the Court below, and which were exhibited or referred to in his answer to Stewart and Spring's bill, and therefore

a decree should not have been rendered against him in favor of the complainants, as he may be subjected to a double charge.

Stewart & Spring's original bill prays a discovery from Bate, and that his *chose* discovered may be subjected to the payment of their debt. This bill was filed first, and the process executed first on Robertson & Bate. Bate answers, and in response to the call upon him for a discovery, exhibits a note upon Robertson, his co-defendant, for $1694 96, and the note is filed in the papers of this suit.

Slocumb, after the complainant's bill was filed, and after process was executed upon it, filed his bill alledging against Robertson a specific liability to pay the debts of Bate & Rooney, and in which bill there is thrown in, as a general charge, the allegation that Robertson is otherwise indebted to Bate, in a sum more than sufficient to pay the debt of Slocumb, without any designation of the character of the debt, when or how it accrued, or was secured or fell due. This general charge, thus thrown in, operates in the nature of a prayer for discovery against Robertson & Bate, and cannot be made to attach to one liability more than another until after answer and discovery. Robertson answers, as he answered the bill of Stewart & Spring, denying the specific charge of liability, but cautiously avoiding a discovery of his individual indebtedness to Bate. Bate answers, after he answered the bill of Stewart & Spring, in which he developes an indebtedness of Robertson to him of $9500, a part of which had been settled with him, so that in March, 1838, long after both bills had been filed, there was a balance due him of $6694 96, for which two notes were executed, one for $1694 96, which he had exhibited in answer to Stewart & Spring's bill, to be applied in part to the satisfaction of their claim, and the balance of the note he consents may be applied towards satisfying Slocumb's demand, the amount falling short only a few hundred dollars of satisfying both demands. The other note was for $5000, and which he transferred to one Tompkins to be applied to the satisfaction of the claims of other creditors.

Placing out of question the amended bill of Stewart & Spring, in which after the answer of Bate exhibiting the note of $1694 96, they proceed specifically for the payment of their demand out of it; we think Robertson has no right to complain of the decree against him—he was a party to the suit, was apprised of the discovery sought from Bate, yet cautiously concealed, in his answer, his individual indebtedness to Bate, which was a fund sought to be subjected to the payment of Stewart & Spring's demand, and of which he must have been apprised by the prayer for discovery and relief out of the fund so discovered. Though it were conceded that a payment made to Bate by one who was not a party to the suit, might not be overhauled or effected, yet Robertson, who was a party., ought not to be allowed to make payment to Bate, his co-defendant, nor to do any other act in conjunction with him or otherwise, during the pendency of the suit, to evade the effect of the decree upon assets, sought by the discovery to be reached and subjected to the complainant's demand; and if he apprehended danger of a double liability he might have guarded against it by a bill or cross bill of interpleader.

Besides, if a lien attached in favor of Slocumb by the general charge of indebtedness in his bill, on the debt evidenced by the note in question, it also attached on the debt of $5000, secured by the note assigned to Tompkins, also on that portion of the debt of $9500 which was paid by Robertson to Bate, if the payment was not made before the service of process on him. And either of those demands may be as well subjected to the payment of Slocumb's demand as the note surrendered up by Bate, and the more so as the surrender was made under the coercive action of the Court, and in response to a bill of discovery which was filed, and process served, before the institution of Slocumb's suit.

Decree affirmed with costs, &c.

*Guthrie* for plaintiff; *Loughborough* for defendants.

---

ROBERTSON
*vs*
STEWART AND
SPRING.

One sued in chancery by two distinct creditors of a third person, to be made subject to pay out the funds of the latter in his hands, cannot gainsay a decree in behalf of he who files the first bill and has process served, because the defendant did not make so full a disclosure as he did in answer to the second bill.

The filing a bill in chancery and service of process against a defendant to subject funds in his hands to the satisfaction of a judgment creditor, creates a lien on such fund from the service of process, and makes the defendant liable.